UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FU CHING RAMEN & LOBSTER | § | |
| ROLLS, LP D/B/A JINYA RAMEN BAR | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | Civil Action No. _____ |
| | § | |
| PRIME UNION INC. D/B/A RAMEN | § | |
| RESTAURANT, SOUTHERN PLEASURE | § | |
| LLC D/B/A MIKOTO RAMEN | § | JURY TRIAL DEMANDED |
| and GLORY LEAGUE CORPORATION | § | |
| D/B/A ATSUMI ASIAN KITCHEN | § | |
| AND RAMEN BAR | § | |
|     Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff FU CHING RAMEN & LOBSTER ROLLS, LP D/B/A JINYA RAMEN BAR ("Plaintiff" or "Jinya") files this its *Plaintiff's Original Complaint* against Defendants PRIME UNION INC D/B/A RAMEN FUN RESTAURANT ("Ramen Fun"), SOUTHERN PLEASURE LLC D/B/A MIKOTO RAMEN AND SUSHI BAR ("Mikoto") and GLORY LEAGUE CORPORATION D/B/A ATSUMI ASIAN KITCHEN AND SUSHI BAR ("Atsumi") and allege, based on its own knowledge, and on information and belief as follows:

**I.**

## INTRODUCTION

1.    Plaintiff is the owner of two restaurants in the Houston area operating under the name Jinya Ramen Bar (the "Jinya Restaurants").  Plaintiff opened its first location at 18299 Egret Bay Blvd., Houston, Texas 77508 in October of 2014 and opened its second location at 3201 Louisiana Street, Houston, Texas 77002 in March of 2015.

2.      After the opening of the Jinya Restaurants, Defendants opened their own restaurants (the "Infringing Restaurants").  The Mikoto restaurant is located at 12155 Katy Freeway, Houston, Texas 77079 and has an interior design that is similar, if not identical, to that of the Jinya's Restaurants.  The Ramen Fun restaurant is located at 3645 FM 1960 W., Houston, Texas Ste. 228, 77014 and has a menu that is very similar to that of the Jinya Restaurants menu, including components copied directly from the Jinya Restaurants' menu.  The uniforms worn by the employees, as well as the bowls used at the Ramen Fun restaurant are derivative, if not exact copies, of those used at the Jinya Restaurants.  The interior design of the Ramen Fun restaurant is also similar in many respects to that of the Jinya Restaurants.  The Atsumi restaurant is located at 3335 College Park Drive, Ste. 800, The Woodlands, Texas 77384 and has an interior design similar, if not identical, to that of the Jinya Restaurants.

3.      Plaintiff is the exclusive owner of the trademarks, trade dress, designs and other intellectual property rights associated with the Jinya Restaurants.  Plaintiff spent at least several hundreds of thousands of dollars to design, develop, and construct the Jinya Restaurants.

4.      In an effort to trade off of Plaintiff's established good will, and in direct violation of Plaintiff's exclusive federal and state intellectual property rights, Defendants created and are operating restaurants using the same design, trade dress, recipes, and other aspects of the Jinya Restaurants.  Given the resultant marketplace confusion and harm, as alleged more fully below, Plaintiffs seek injunctive and monetary relief from Defendants for unfair competition, dilution, trademark infringement, and unjust enrichment.

## II.

## PARTIES, JURISDICTION, AND VENUE

5.      FU CHING RAMEN & LOBSTER ROLLS, LP D/B/A JINYA RAMEN BAR is a limited partnership organized and existing under the laws of the State of Texas with its principal place of business located in Houston, Texas.

6.      Defendant PRIME UNION INC D/B/A RAMEN FUN RESTAURANT ("Ramen Fun") is a domestic for-profit corporation.  It may be served by serving its registered agent for service, Henry Zhu at 3645 FM 1960 West, Suite 218, Houston, Texas 77014.

7.      SOUTHERN PLEASURE LLC D/B/A MIKOTO RAMEN AND SUSHI BAR ("Mikoto") is a domestic limited liability company.  It may be served by serving its registered agent for service, Tina Zhu at 4101 W. Spring Creek Pkwy Suite 200, Plano, Texas 75024.

8.      Defendant GLORY LEAGUE CORPORATION D/B/A ATSUMI ASIAN KITCHEN AND SUSHI BAR ("Atsumi") is a domestic for profit corporation.  It may be served by serving its registered agent for service, Henry Y Zhu, at 6100 Corporate Dr., Ste. 588, Houston, Texas 77036.

9.      This Court has original jurisdiction under 28 USC § 1332, in that it is a civil action between citizens in which the matter in controversy exceeds, exclusive of costs and interest, at least $5,000,000.00.

10.     This Court also has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338 because Plaintiff's claims for relief alleged herein arise under the laws of the United States-specifically, 15 U.S.C. §§ 1116, 1117, 1119, and 1125, which relate to trademarks-and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), because both Defendants are residents of this District.

12.     Plaintiff is informed and believes, and on that basis, alleges, that at all times relevant hereto, Defendants and other unidentified parties were the owners, shareholders, agents, servants, employees, partners or co-venturers of each other, and in doing the acts alleged herein, each was acting within the course and scope of such ownership, control, agency, service, employment, partnership or venture.

13.     Plaintiff believes that additional individuals and entities may also be involved. Plaintiff will amend its Complaint upon ascertaining their identities.

### III.

### FACTUAL BACKGROUND

14.     Plaintiff is the owner of all intellectual property rights related to the design and operation of the Jinya Restaurants.  This includes all copyright, trademark, service mark, trade dress, and other intellectual property rights (the "Intellectual Property") related to the Jinya Restaurants.

**A.  The Intellectual Property**

15.     Because of its widespread, continuous, and exclusive use of the Intellectual Property, Plaintiff owns valid and subsisting federal statutory and common law rights to the Intellectual Property.

16.     The Intellectual Property includes: (1) the interior design of the Jinya Restaurants; (2) the uniforms worn by Jinya Restaurant employees; (3) the bowls used in the Jinya Restaurants, and (4) certain menu items and the names of those items.  Plaintiff reserves the right to amend this list.

### B.  Trade Dress

17.     Defendants are actively using Plaintiff's trade dress in the Infringing Restaurants.

18.     The interior design of Mikoto and Ramen Fun restaurants are almost identical to that of the Jinya Restaurants.  *See* Exs. "A," "B," and "C".

19.     Additionally, the uniforms worn by the employees is essentially identical, with only minor deviations in color. *See* Exs. "D," and "E."  The same applies to the bowls used at the restaurants. *See* Exs. "F," and "G."

20.     The menu of the Ramen Fun restaurant is also derivative of the Jinya Restaurants. In fact, in this, the actions of the Defendants are manifest.  Defendants did not only copy a recipe directly from the Jinya Restaurants, they actually transcribed the name of "Jinya Sauce" when pirating the recipe and printing it in its own menu. *See* Exhibit "H."

21.     Defendants' unauthorized use of Plaintiff's Intellectual Property has confused and will continue to confuse consumers, as demonstrated by multiple posts on social media. *See* Exhibit "I." Regardless of actual confusion, Defendants have also tarnished and diluted the reputation of the Jinya Restaurants.

22.     Defendants never approached Plaintiff for a license or other permission to use the Intellectual Property in any manner prior to building and opening the Infringing Restaurants, or at any time subsequent to their opening.  Defendants simply began using the design and concept of the Jinya Restaurants, as well as Jinya's menu items and even Jinya's own name.

### IV.

### FIRST CAUSE OF ACTION:
### FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

23.     Plaintiff reasserts all previous paragraphs as if fully restated herein.

24.     Since the Plaintiff opened the Jinya Restaurants, it has continuously used the Intellectual Property, including Plaintiff's trade dress to identify and distinguish the Jinya Restaurants as the source of a unique design concept. Accordingly, Plaintiff is the owner of legally protected trademark and trade dress as that term is defined in 15 U.S.C § 1127. Plaintiff's trade dress is very well-known and capable of distinguishing its goods from those of other businesses.

25.     The Intellectual Property is nonfunctional in that it serves no purpose other than identification of source, origin, or sponsorship.

26.     Defendants' use of Plaintiff's Intellectual Property is likely to cause confusion, mistake, or deception as to the source, affiliation, sponsorship, or authenticity of Defendants' goods and services.  Specifically, the public is likely to believe that the Infringing Restaurants are approved by or affiliated with the Jinya Restaurants. In fact, customers have already expressed their actual confusion on public websites.  *See* Ex. "I."

27.     Defendants' unauthorized use of the Intellectual Property and Intellectual Property falsely represent that the Infringing restaurants and their related products as emanating from or being authorized by Plaintiff. It also places the quality of products associated with Plaintiff's Intellectual Property and the overall message associated with them beyond Plaintiff's control.

28.     Defendants unauthorized use in commerce of the Intellectual Property further constitutes a false designation of origin and a misleading description and representation of fact.

29.     Defendants' conduct was willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the Infringing Restaurants with the Jinya Restaurants.

30.     Defendants' conduct as alleged herein is intended to and is likely to cause confusion, mistake, or deception as to the origin, source, sponsorship, or affiliation of the Infringing Restaurants with the Jinya Restaurants.

31.     Defendants conduct was willful, intended to reap the benefit of Plaintiff's goodwill, and constitutes unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a).

32.     Defendants' wrongful conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless restrained or enjoined by this Court. Plaintiff has no adequate remedy at law because, among other things, (a) Plaintiff's Intellectual Property is unique and valuable property, which has no readily determinable market value, (b) Defendants' infringement constitutes harm to Plaintiff such that Plaintiff could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken or deceived as to the source, origin or authenticity of the Infringing Restaurants, and (d) Defendants' wrongful conduct, and the resulting damage to Plaintiff, is continuing.

33.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**V.**

**SECOND CAUSE OF ACTION:**
**FEDERAL TRADEMARK/TRADEDRESS DILUTION (15 U.S.C. § 1125(c))**

34.     Plaintiff repeats and re-alleges each allegation contained in the preceding paragraphs of this Complaint, and incorporates them herein by reference.

35.     Plaintiff' Intellectual Property, is a collection of designs and recipes that have been in use for many years and have achieved widespread public recognition.

36.     Plaintiff's Intellectual Property is famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

37.     Defendants began using Plaintiff's Intellectual Property in the Infringing Restaurants after Plaintiff's Intellectual Property became distinctive and famous.

38.     The similarity between the Infringing Restaurants and the Jinya Restaurants, including the Intellectual Property (and, in particular, the Intellectual Property), gives rise to the association between the restaurants. Customers have demonstrated actual confusion as to the source, sponsorship or affiliation of the Infringing Restaurants.

39.     The association created by Defendants' commercial use of the Intellectual Property has already and is likely to continue to dilute the distinctiveness of Plaintiff's Intellectual Property by eroding the public's exclusive identification of the trade dress with Plaintiff, and otherwise lessening the capacity of the trade dress to identify and distinguish products and goods.

40.     Defendants' unauthorized use of Plaintiff's Intellectual Property has diluted, and will, unless enjoined, continue to dilute, and is likely to dilute the distinctive quality of Plaintiff's Intellectual Property.

41.     Defendants' unauthorized use of Plaintiff's Intellectual Property has tarnished, will, unless enjoined, continue to tarnish, and is likely to tarnish Plaintiff's Intellectual Property by undermining and damaging the valuable goodwill associated therewith.

42.     Defendants' acts as alleged herein are intentional and willful in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

43.     Plaintiff is entitled to, among other relief, an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## VI.

### THIRD CAUSE OF ACTION:
### COMMON LAW TRADEMARK/TRADEDRESS INFRINGEMENT

44.     Plaintiff repeats and re-alleges each allegation contained in the preceding paragraphs of this Complaint, and incorporates them herein by reference.

45.     Plaintiff owns all rights, title and interest in and to the Intellectual Property, including all common law rights in such marks.

46.     Defendants' unauthorized use in commerce of the Intellectual Property as described herein is likely to cause confusion, mistake, or deception and constitutes common law trademark infringement.

47.     Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Intellectual Property and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

48.     Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

49.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action, together with prejudgment and post-judgment interest.

## VII.

### FOURTH CAUSE OF ACTION:
### COMMON LAW UNFAIR COMPETITION

50.     Plaintiff repeats and re-alleges each allegation contained in the preceding paragraphs of this Complaint, and incorporates them herein by reference.

51.     The foregoing acts of Defendants permit Defendants to use and benefit from the goodwill and reputation earned by Plaintiff and to obtain a ready customer, acceptance of Defendants products and services, and constitute unfair competition, palming off, passing off, and misappropriation in violation of Texas common law, for which Plaintiff is entitled to recover all remedies provided by such common law.

52.     Defendants have made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

53.     Defendants intend to continue its infringing acts, unless restrained by this Court.

54.     Defendants acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

## VIII.

## FIFTH CAUSE OF ACTION:
## INJURY TO BUSINESS REPUTATION AND TRADE DRESS DILUTION, Tex. Bus. & Comm. Code § 16.103

55.     Plaintiff repeats and re-alleges each allegation contained in the preceding paragraphs of this Complaint, and incorporates them herein by reference.

56.     The Intellectual Property is famous within the meaning of Section 16.103(b) of the Texas Business and Commerce Code.

57.     Defendants began using the Intellectual Property, most notably by using the Intellectual Property in the Infringing Restaurants after the Intellectual Property became distinctive and famous.

58.     The similarity between Defendants' trade dress and the Plaintiff's trade dress gives rise to the association between the Jinya Restaurants and the Infringing Restaurants. Customers have demonstrated actual confusion as to the source, sponsorship or affiliation of the different restaurants.

59.     The association created by Defendants' commercial use of the Intellectual Property has already diluted and is likely to continue to dilute the distinctiveness of Plaintiff's Intellectual Property by eroding the public's exclusive identification of this famous Intellectual Property with Plaintiff, tarnishing and degrading the positive associations and prestigious connotations of the Intellectual Property, and otherwise lessening the capacity of the Intellectual Property to identify and distinguish products and goods.

60.     Defendants' unauthorized use of Plaintiff's Intellectual Property, including the Intellectual Property, has diluted, and will, unless enjoined, continue to dilute, the distinctive quality of Plaintiff's Intellectual Property.

61.     Defendants' unauthorized use of Plaintiff's Intellectual Property has tarnished, will, unless enjoined, continue to tarnish, and is likely to tarnish Plaintiff's Intellectual Property by undermining and damaging the valuable goodwill associated therewith.

62.     Defendants' acts as alleged herein are intentional and willful in violation of Section 16.103 of the Texas Business and Commerce Code, have already caused Plaintiff irreparable damage, and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

## IX.

### SIXTH CAUSE OF ACTION:
### COMMON LAW UNJUST ENRICHMENT

63.     Plaintiff repeats and re-alleges each allegation contained in the preceding paragraphs of this Complaint, and incorporates them herein by reference.

64.     Because of the foregoing, Defendants have unjustly enriched themselves through unlicensed and unauthorized exploitation of Plaintiff's Intellectual Property, and continue to do so, in an unknown amount.

65.     Plaintiff is entitled to just compensation under the common law of the State of Texas.

## X.

### SEVENTH CAUSE OF ACTION:
### ATTORNEY'S FEES

66.     Plaintiff repeats and re-alleges each allegation contained in the preceding paragraphs of this Complaint, and incorporates them herein by reference.

67.     Plaintiff is entitled to an award of attorneys' fees and costs, at least under 15 U.S.C. § 1117(a).

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court enter judgment against Defendants as follows:

A.      Finding that:

(i) Defendants have violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); and Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d));

(ii) Defendants have engaged in trademark/tradedress infringement and unfair competition under the common law of Texas;

(iii) Defendants have violated Section 16.103 of the Texas Business and Commercial Code;

(iv) Defendants has been unjustly enriched in violation of Texas common law.

B.      Granting an injunction and permanently enjoining Defendants, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

(i) engaging in any activity that infringes Plaintiff's rights in its Intellectual Property;

(ii) engaging in any activity constituting unfair competition with Plaintiff;

(iii) engaging in any activity that is likely to dilute the distinctiveness of Plaintiff's Intellectual Property;

(iv) making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (a) Defendants' goods or services are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or

otherwise connected with Plaintiff or (b) Plaintiff's goods or services are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Defendants;

(v) using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

(vi) registering or applying to register any trademark, service mark, domain name, trade name or other source identifier or symbol of origin consisting of or incorporating the Intellectual Property or any other mark that infringes or is likely to be confused with Plaintiff's Intellectual Property, or any goods or services of Plaintiff, or Plaintiff as their source; and

(vii) aiding, assisting or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (i) through (vi).

C.      Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods or services.

D.      Directing Defendants to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays and other materials that feature or bear any designation or mark incorporating the Intellectual Property or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of

Plaintiff's Intellectual Property, and to direct all distributors, retailers, wholesalers and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell or offer for sale Defendants' goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays and other materials featuring or bearing the Intellectual Property or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Intellectual Property, and to immediately remove them from public access and view.

E.     Directing that Defendants recall and deliver up for destruction all goods, packaging, advertisements, promotions, signs, displays and related materials incorporating or bearing the Intellectual Property or any other mark that is a counterfeit, copy, confusingly similar variation or colorable imitation of Plaintiff's Intellectual Property.

F.     Directing Defendants to formally abandon with prejudice any and all of its applications to register any mark consisting of, incorporating or containing Plaintiff's Intellectual Property or any counterfeit, copy, confusingly similar variation or colorable imitation thereof on any state or federal trademark registry.

G.     Directing Defendants to cancel with prejudice any and all of its registrations for any mark consisting of, incorporating or containing Plaintiff's Intellectual Property or any counterfeit, copy, confusingly similar variation or colorable imitation thereof on any state or federal trademark registry.

H.     Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the Court may

direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

I.      Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

J.      Directing that Defendants account to and pay over to Plaintiff all profits realized by and all damages caused by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), the amount of which exceeds $250,000, enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

K.      Awarding Plaintiff punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement.

L.      Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

M.      Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

N.      Awarding such other and further relief as the Court deems just and proper.

Dated: January 4, 2018                    Respectfully submitted,


                                          **LAW OFFICES OF KEVIN MICHAEL**
                                          **MADDEN, P.L.L.C.**

                                          By: /s/ *Kevin M. Madden*
                                                 Kevin M. Madden
                                                 State Bar No. 24041376
                                                 5225 Katy Freeway, Suite 520
                                                 Houston, Texas 77007
                                                 Phone: 281-888-9681
                                                 Fax:    832-538-0937
                                                 Email : kmm@kmaddenlaw.com
                                                 **ATTORNEY FOR PLAINTIFF**